IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA BILLUPS-DRYER, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 20 CV 1597 |
| THE VILLAGE OF DOLTON, ILLINOIS and DOLTON POLICE OFFICER PHIL SHEEHAN (Star # 128), | ) ) ) ) | Hon. Judge Virginia M. Kendall |
|     Defendants. | ) | JURY TRIAL DEMANDED |

## THIRD AMENDED COMPLAINT

NOW COMES Plaintiff, ANDREA BILLUPS-DRYER, by and through her attorneys, LOEVY & LOEVY, and complaining of Defendants DOLTON POLICE OFFICER PHIL SHEEHAN and the VILLAGE OF DOLTON, ILLINOIS, states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Plaintiff Andrea Billups-Dryer is a United States citizen who resides in the Northern District of Illinois.

5. Defendant Village of Dolton is a municipal corporation duly incorporated under the laws of the State of Illinois. The Village of Dolton was the pubic employer of Defendant Officer Sheehan at the time of the conduct complained of in the Complaint. At all relevant times thereto, Defendant Sheehan was acting under the color of law and within the scope of his employment with Defendant Village of Dolton.

6. Defendant Dolton Police Officer Sheehan is a present or former employee of the Village of Dolton police department. Defendant Sheehan engaged in the conduct complained of while on duty and in the course and scope of his employment and under the color of law. Defendant Sheehan is being sued in his individual capacity.

## BACKGROUND

7. On March 10, 2018, Plaintiff Billups-Dryer was at 14921 Irving Ave, Dolton, IL cleaning up trash outside the home when she was approached by Defendant Officer Sheehan.

8. Defendant Sheehan asked in an aggressive tone what she was doing at the location. Officer Sheehan then demanded that Plaintiff show him her identification.

9. After Plaintiff declined to give Defendant Officer Sheehan her name, Plaintiff was told that she was going to be placed under arrest. Defendant Officer Sheehan had no probable cause to arrest Plaintiff as Plaintiff had committed no crime. For her protection, Plaintiff then attempted to videotape the encounter on her cell phone.

10. Defendant Sheehan then yanked Plaintiff's hand behind her and cuffed it very tight. Defendant Sheehan then knocked Plaintiff's cell phone out her hand.

11. As Plaintiff bent down to try and get the phone, Defendant Sheehan pushed her against the house and wrestled her to the ground while he placed Plaintiff in a chokehold. Defendant began yelling at Plaintiff, "I told you to give your name."

12. Defendant Sheehan further abused Plaintiff by placing the weight of his body on top of Plaintiff's head and neck, causing her to not be able to speak or breathe.

13. As Plaintiff lie on the ground in pain, Defendant Sheehan then stomped on Plaintiff's right leg causing a large bruise. Defendant Sheehan then dragged the screaming, crying, battered, and bruised Plaintiff to the police car for transport to the police station to be processed on false charges. Plaintiff subsequently bonded out of jail.

14. After her release from the police station, Plaintiff went to the hospital due to chest pains, bleeding nose, swollen neck and face, bleeding on the tongue and bruises on her body. Plaintiff was triaged and admitted to the hospital for suffering a heart attack.

15. On January 21, 2020, the criminal charges against Plaintiff were dismissed in a manner indicative of innocence.

16. Defendant Sheehan has a history of using excessive force against individuals and violating individual's constitutional rights.

17. Defendant Sheehan was terminated from two prior police departments.

18. Defendant Village of Dolton was aware of Defendant Sheehan's past misconduct at the time of his hiring.

19. The Chief of Police of the Dolton Police Department, Robert Collins, participated in and maintained final decision-making authority over the hiring of Defendant Sheehan.

20. Chief Collins sent Defendant Sheehan a conditional offer of employment on November 19, 2015, subject to confirmation of Sheehan's prior employment history and satisfactory background examination and professional references.

21. During the interview process, Defendant Sheehan admitted to being fired from the Markham Police Department in 2008 due to allegations of excessive force.

22. Chief Collins was aware of the circumstances surrounding Sheehan's prior termination and had an obligation to investigate the decision.

23. A reasonable investigation into Defendant Sheehan's prior employment would have revealed that Defendant Sheehan had three sustained allegations of excessive force within a three-month period in 2008. A labor arbitrator approved the termination after noting Defendant Sheehan's repeated improper uses of force on individuals and complete lack of remorse.

24. Defendant Village of Dolton thus knew, or should have known, that Defendant Sheehan was unfit for employment as a police officer because he frequently engaged in misconduct, including using excessive force on individuals in violation of their rights.

25. Chief Collins hired Defendant Sheehan anyway.

### COUNT I
42 U.S.C. §§ 1983-Excessive Force
(Against Defendant Sheehan)

26. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

27. The conduct of Defendant Officer Sheehan constituted unjustified, unreasonable, and offensive physical contact against Plaintiff.

28. The actions of Defendant Officer Sheehan proximately caused Plaintiff's injuries, including, but not limited to, body bruising and heart palpitations.

29. The actions of Defendant Officer Sheehan were willful and wanton and committed within the scope of his employment.

WHEREFORE, Plaintiff demands judgment against Defendant Officer Sheehan compensatory damages, punitive damages, costs and attorney's fees, medical expenses and such

other and additional relief that this Court deems equitable and just.

## COUNT II
42 U.S.C. §§ 1983-False Arrest/Unlawful Detention
(Against Defendant Sheehan)

30. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

31. As described above, Officer Sheehan falsely arrested and detained Plaintiff without probable cause and without justification.

32. The misconduct described in this count was undertaken with malice, willfulness and reckless indifference to the rights of others.

33. As a result of the above-described wrongful infringement on Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

WHEREFORE, Plaintiff demands judgment against Officer Sheehan for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT III
State Law Claim: Malicious Prosecution
(Against Defendants Sheehan and Village of Dolton)

34. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

35. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

36. Defendant Officer Sheehan accused Plaintiff of criminal activity knowing those

accusations to be without probable cause, and he made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

37. Statements of the Defendant Officer regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

39. As a result of the above described wrongful infringements of Plaintiff's rights, she has suffered financial and other damages, including but not limited to substantial mental anguish and stress.

40. The misconduct described in this count was undertaken by the Defendant Officer within the scope of this employment such that his employer, Village of Dolton, is liable for his actions.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Sheehan and the Village of Dolton for compensatory damages, punitive damages against Defendant Sheehan in his individual capacity, costs and attorney's fees, medical expenses and such other and additional relief that this Court deems equitable and just.

### COUNT IV
State Law Claim: False Imprisonment
(Against Defendants Sheehan and Village of Dolton)

41. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

42. Plaintiff was arrested and imprisoned, and thereby had her liberty to move about unlawfully restrained, despite Defendant Officer's knowledge that there was no probable cause for doing so.

43. Defendant Officer Sheehan's actions set forth above was undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

44. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

45. The misconduct described in this Count was undertaken by Defendant Officer Sheehan and within the scope of his employment such that his employer, Village of Dolton, is liable for their actions.

WHEREFORE, Plaintiff demands judgment against Defendants Officer Sheehan and the Village of Dolton for compensatory damages, punitive damages against Defendant Sheehan in his individual capacity, costs and attorney's fees, medical expenses and such other and additional relief that this Court deems equitable and just.

### COUNT V
State Law Claim: Assault
(Against Defendants Sheehan and Village of Dolton)

46. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

47. Plaintiff was in imminent danger of being battered by Defendant Sheehan.

48. Defendant Sheehan's conduct that resulted in these assaults was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

49. Defendant Sheehan was within the scope of his employment and under the color of law at the time of the assault such that his employer, Defendant Village of Dolton, is liable for Sheehan's actions.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory damages, punitive damages against Defendant Sheehan in his individual capacity, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT VI
### State Law Claim: Battery
### (Against Defendants Sheehan and Village of Dolton)

50. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

51. Without the consent of Plaintiff, Defendant Sheehan intentionally, harmfully, and offensively touched her.

52. Plaintiff was damaged by this intentional and unauthorized touching.

53. Defendant Sheehan's conduct that resulted in this battery was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

54. The misconduct undertaken by Defendant Sheehan was within the scope of his employment and under the color of law such that his employer, the Village of Dolton, is liable for those actions.

55. WHEREFORE Plaintiff demands judgment against Defendants for compensatory damages, punitive damages against Defendant Sheehan in his individual capacity, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT VII
### *Monell* Claim (Against Village of Dolton)

56. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

57. At all relevant times, the Village of Dolton was responsible for creating, maintaining, and executing policies and practices relating to the hiring, screening, and pre-employment background investigation and checks for the purposes of retaining its agents, servants, and employees, including but not limited to law enforcement officials and police officers.

58. The Chief of Police, Robert Collins, had final decision-making authority over the

hiring of the Dolton Police Department officers. Chief Collins was thus a final policymaker for Village of Dolton.

59. The Village of Dolton's policies and practices around hiring and screening police officers allowed for the hiring of Defendant Sheehan, despite repeated sustained allegations of excessive force against him by civilians, and even termination of employment by two previous police departments.

60. The violation of Plaintiff's constitutional rights by Defendant Sheehan was a foreseeable result based on the Village of Dolton's policies and practices set forth herein.

61. The Village of Dolton's acts and/or omissions surrounding the hiring of Defendant Sheehan were conducted with knowledge or with deliberate indifference to the high risk that the decision to hire Defendant Sheehan would result in the deprivation of Plaintiff's and other citizens' constitutional rights.

62. No reasonable policymaker would have hired Defendant Sheehan based on the reported, sustained, and repeated acts of excessive force that resulted in his firing from another police department.

63. As such, the Village of Dolton's actions or omissions in hiring Defendant Sheehan was the moving force behind Plaintiff's injuries and the deprivation of her constitutional rights.

WHEREFORE, Plaintiff demands judgment against the Village of Dolton for compensatory damages, costs and attorney's fees, medical expenses and such other and additional relief that this Court deems equitable and just.

## COUNT VIII
Respondeat Superior
(Against Defendant Village of Dolton)

64. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

65. Defendant Village of Dolton is the employer of Defendant Officer Sheehan.

66. Defendant Village of Dolton is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of respondeat superior.

67. The acts of Defendant Sheehan described in the state-law claims specified above were willful and wanton and committed in the scope of his employment as employee of the Village of Dolton.

68. As a proximate cause of the Defendant's unlawful acts, which occurred within the scope of his employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendant Village of Dolton for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT IX
State Law Claim: Indemnification
(Against Defendant Village of Dolton)

69. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

70. Pursuant to 745 ILCS 10/9-102, Village of Dolton must indemnify any judgment against Defendant Officer Sheehan.

WHEREFORE, Plaintiff demands judgment against the Village of Dolton for compensatory damages, costs and attorney's fees, medical expenses and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

RESPECTFULLY SUBMITTED,

BY: /s/ Makeba Rutahindurwa
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Scott Rauscher
Makeba Rutahindurwa
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
Fax: (312) 243-5902
makeba@loevy.com