**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREA BILLUPS-DRYER,<br><br>Plaintiff,<br><br>v.<br><br>THE VILLAGE OF DOLTON and DOLTON POLICE OFFICER PHIL SHEEHAN (Star #128),<br>Defendants. | <br><br><br><br>Court No.: 20-cv-01597<br><br>Honorable Virginia M. Kendall |

**DEFENDANT VILLAGE OF DOLTON'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

NOW COMES the Defendant, Village of Dolton, by and through its attorneys, Ancel Glink, P.C., and for its Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby states as follows:

## I. RELEVANT FACTS

Plaintiff filed her *Pro Se* Complaint on March 11, 2019. (See Exhibit 1.) The gist of Plaintiff's Complaint was that on March 10, 2018, she was arrested for Obstructing Identification (720 ILCS 5/31-4.5) by Dolton Police Officer Phillip Sheehan who, during the course of the arrest, choked her and stomped on her leg.

On March 4, 2020, Plaintiff (through counsel) filed her Civil Complaint, including claims against the (incorrectly named) "City of Dolton" for malicious prosecution, false imprisonment, assault, battery, *Respondeat Superior*, and indemnification. (See Exhibit 2.) Plaintiff also brought a claim for municipal liability pursuant to *Monell*. On October 26, 2020, Plaintiff (through new counsel) filed her First Amended Complaint which included these same claims against the "Village of Dolton."

Subsequent to the filing of her First Amended Complaint (FAC), Plaintiff propounded a Request for Production upon the Village that included requests for Officer Sheehan's complete Personnel File; all of his employment evaluations; all internal and citizen complaints against Officer Sheehan; all documents pertaining to any investigation of Officer Sheehan done by the Dolton Police Department; the Village of Dolton Police Department's policies and procedures relating to arrests of individuals, use of force during the course of an arrest, and discipline of officers; all documents reflecting any training provided to Officer Sheehan in connection with his employment with the Dolton Police Department on the use of force during the course of an arrest; and all arrest files that resulted in Officer Sheehan either transporting an arrestee to a hospital for medical care or calling for an ambulance to provide medical care to the arrestee. (Exhibit 3.) The Village of Dolton provided documents responsive to all of these requests. (Exhibit 4.) The Plaintiff also deposed Officer Sheehan and he was questioned extensively regarding the Village of Dolton's policies and procedures.

On January 20, 2022, Plaintiff filed a Second Amended Complaint. (See Exhibit 5.) This Second Amended Complaint included what Plaintiff captioned as a "Hiring, Retention, and Supervision" count that sounded in willful and wanton conduct. Plaintiff's proposed SAC also contained an Amended *Monell* Count that incorporated all the allegations from the "Hiring, Retention, and Supervision" count. And in addition to the policies and procedures alleged in the *Monell* Count in the FAC, the SAC added that "[t]he Village of Dolton's policies and practices around hiring and screening police officers allowed for the hiring of Defendant Sheehan, despite repeated sustained allegations of excessive force against and by civilians, and even termination of employment by two previous police departments."

On February 3, 2022, the Village filed its Motion to Strike and Dismiss the Second Amended Complaint. With respect to the State Law "Hiring, Retention, and Supervision" claim, the Village argued that this count violated Illinois's one-year statute of limitations and did not relate back to the filing of the original Complaint. The Village further claimed that this Count was barred by §2-201 of the Illinois Tort Immunity Act.

With respect to Plaintiff's *Monell* Claim, the Village argued that the allegations Village Police Officers "routinely make false arrests" and the Village "does not punish officers for aggressive and abusive arrest procedures" were mere boilerplate allegations that did not meet *Monell's* pleading requirements. And with respect to the allegations that the Village's "policies and practices around hiring and screening police officers" were the moving force behind Plaintiff's injuries, Defendant argued that these allegations did not relate back to the filing of the original Complaint and, therefore, violated the two-year statute of limitations for §1983 actions. Moreover, Defendant argued that these allegations failed to meet the pleading requirements of a *Monell* Claim as Plaintiff did not plead any prior similar instances of misconduct that would put the Village on notice that its hiring and screening procedures were inadequate.

On May 26, 2022, this Court granted Defendant's Motion to Dismiss Plaintiff's hiring claim finding that the claim was barred pursuant to §2-201 of the Illinois Tort Immunity Act. Consequently, this Court did not address Defendant's argument that the count violated the statute of limitations. With respect to Defendant's *Monell* Claim, this Court also did not address the statute of limitations argument but found that Plaintiff pled mere conclusory allegations that did not meet *Monell's* pleading requirements.

With respect to Plaintiff's argument that "she intends to establish Dolton's liability based on an undisclosed final policymaker's decision to hire Sheehan," this Court granted Plaintiff an

opportunity to amend her *Monell* Claim. *Billups-Dryer v. City of Dolton,* 2022 U.S. Dist. LEXIS 94682, *13, *16. In doing so, the Court laid out a road map for how to plead a *Monell* Claim based upon the acts of an official with final policymaking authority, including that Plaintiff identify an official with final policymaking authority along with facts in support of the allegation, including whether the official possessed or was delegated final policymaking authority. *Id*., *14-15.

On June 8, 2022, Plaintiff filed her Third Amended Complaint (TAC). (Exhibit 6.) In her amended *Monell* Claim, Plaintiff added that the "Chief of Police, Robert Collins, had final decision-making authority over the hiring of the Dolton Police Department Officers" and "was thus a final policymaker for the Village of Dolton." (Exhibit 4, ¶58.) Plaintiff did not plead any facts in support of this allegation, such as whether Chief Collins had authority to set policy for hiring and firing or merely had discretion to make final hiring decisions and whether his status as a policymaker arose by law or if he was delegated final policy-making authority.

## II. LEGAL STANDARDS

"A Motion to Dismiss Under Rule 12(b)(6) tests whether a complaint states a claim for which relief may be granted." *Mathlock v. Fleming,* 2019 U.S. Dist. LEXIS 11651, *2 (N.D. Ill. July 3, 2019). To survive a 12(b)(6) Motion "the Complaint must plead sufficient facts to suggest plausibly that the Plaintiff is entitled to relief." *Williams v. Anderson*, 2010 U.S. Dist. LEXIS 128172, *5 (N.D. Ill. Dec. 2, 2010) citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). And while the Court construes all well-pleaded facts in favor of the non-movant, "[l]egal conclusions and conclusory allegations merely reciting the elements of the Claim are not entitled to this presumption of truth." *Alcorn v. City of Chicago,*

2018 U.S. Dist. LEXIS 126034, *15 (N.D. Ill. July 27, 2018) citing *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

## III. ARGUMENT

### A. PLAINTIFF'S *MONELL* CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

As a claim brought pursuant to §1983, the statute of limitations on Plaintiff's *Monell* Claim is two years. See *Williams v. Lampey,* 399 F.3d 867, 870 (7th Cir. 2005) ("A two-year statute of limitations generally applies to personal injury actions in Illinois, (citation omitted), thus, §1983 Claims in Illinois are also governed by a two-year limitations period. (citation omitted.)) As the alleged assault and battery upon Plaintiff took place on March 10, 2018, the statute of limitations expired on March 10, 2020. Consequently, unless Plaintiff's Third Amended Complaint relates back to the filing of her March 4, 2020, Civil Complaint, the *Monell* Claim is barred pursuant to the statute of limitations.

The sole remaining basis for Plaintiff's *Monell* Claim is the allegation the Village's "policies and practices around hiring and screening police officers allowed for the hiring of Defendant Sheehan," who eventually deprived Plaintiff of her constitutional rights. (Exhibit 6, ¶59.) None of Plaintiff's Complaints filed within the statutory period, however, contained any allegation pertaining to the hiring or screening of Defendant Sheehan. Consequently, as Defendants were not put on notice during the statutory period of this potential claim, the Third Amended Complaint does not relate back to Plaintiff's Civil Complaint filed during the statutory period. Directly on point is *Williams v. Anderson,* 2010 U.S. Dist. LEXIS 128172 (N.D. Ill. Dec. 2, 2010). In *Williams,* Plaintiff filed a wrongful death claim after Defendant's security guard called the police claiming that Plaintiff was trespassing on school grounds. The police subsequently assaulted the Plaintiff who lost her fetus.

Subsequent to the expiration of the one-year statute of limitations, Plaintiff filed a Third Amended Complaint adding a Count for Negligent Hiring against the School District, claiming that they knew or should have known that their security guard had an animus toward African American women. The School District moved to dismiss, arguing that the Third Amended Complaint did not relate back to the filing of the original Complaint. Plaintiff argued that allegations from the prior Complaint that the Board of Education covered up misconduct, ignored student complaints, and failed to properly train school personnel about safety and security, along with claims of assault and indemnity, put Defendants on notice that they would have to defend against claims involving hiring and retention.

The Court agreed with Defendants, finding that, as there were no facts in the prior complaints regarding the security guard's background or hiring, "the 'conduct, transaction or occurrence' set out in the most recent Complaint is that decision to hire, not the subsequent battery and assault." *Id.*, *12-13. In dismissing the Hiring claim as untimely, the Court continued as follows:

> A negligent hiring claim, however, would necessarily require defendants to inquire into events prior and different from those that address covering up misconduct, ignoring student complaints, and failing to properly train school personnel after they were hired. *Id.*, *13.

There is no basis for distinguishing *Williams* from the present case. Like in *Williams,* Plaintiff's original Complaint (and subsequent Civil Complaint) alleged facts amounting to assault and battery. Nothing whatsoever was alleged with respect to the hiring or screening of Officer Sheehan. In fact, there were no allegations whatsoever pertaining to Officer Sheehan's prior conduct. Consequently, there was nothing in the Complaints filed within the statutory period that would lead the Village to believe that it would have to defend against allegations pertaining to its hiring or failure to adequately screen Officer Sheehan.

Like Plaintiff's previously dismissed hiring claim, Count VIII of Plaintiff's Third Amended Complaint (the *Monell* claim) is based upon the Village's hiring and screening of Defendant Sheehan. As these allegations were first raised subsequent to the statutory period, and do not relate back to the Complaints filed within the statutory period, dismissal of this Count with prejudice is appropriate for being in violation of the statute of limitations.

**B. PLAINTIFF FAILS TO SUFFICIENTLY PLEAD A *MONELL* CLAIM AS PLAINTIFF HAS NOT PLED THAT CHIEF COLLINS HAD AUTHORITY TO SET POLICY FOR HIRING, INCLUDING WHETHER THAT AUTHORITY WAS BY STATUTE OR BY DELEGATION, AS OPPOSED TO SIMPLY HAVING THE AUTHORITY TO HIRE VILLAGE OF DOLTON POLICE OFFICERS.**

Despite the Court laying out in detail the pleading requirements for a *Monell* claim caused by the act of a person with final policymaking authority, Plaintiff has failed to follow the roadmap given. Instead, Plaintiff simply pleads in conclusory fashion that Chief of Police Robert Collins was a final policymaker for the Village of Dolton because he "had final decision-making authority over the hiring of the Dolton police department officers." (TAC, ¶58) The Complaint does not, however, plead that Chief Collins had the authority to set policy for hiring and firing as opposed to simply having the authority to hire or fire. Nor does Plaintiff allege how Chief Collins was granted supposed final policymaker authority, such as whether it was by statute or by delegation. Consequently, absent an allegation that Chief Collins had the authority to set policy regarding hiring and firing, Plaintiff has not pled a *Monell* claim pursuant to final policymaker theory even if Chief Collins hiring and firing decisions are not subject to review.

On point is the case of *Connelly v. Cook County Assessor's Office*, 2022 U.S. Dist. LEXIS 17808 (N.D. Ill. 2022), cited in this Court's opinion dismissing Plaintiff's Second Amended Complaint. In *Connelly*, plaintiff sued the Cook County Assessor's Office alleging that she was fired by Cook County Assessor Fritz Kaegi for plaintiff's past political support for

Kaegi's predecessor, that "Kaegi was the final policymaker for the CCAO with respect to terminating employees," and that the CCAO had a "policy custom and practice to retaliate against" political supporters against Kaegi's predecessor. *Id.*, *10-11.

In dismissing Plaintiff's *Monell* claim, the district court found that the above allegations did not sufficiently plead that Mr. Kaegi was a final policymaker as the complaint failed to allege that Mr. Kaegi had authority to set policy with respect to hiring and firing. Simply having the authority to hire and fire employees, the court reasoned, does not equate with final policymaking authority even if the firing decisions are not subject to review. As further explained by the Court:

> Final policymaking authority may be granted directly by statute or delegated or ratified by an official having policymaking authority. *Kujawski v. Comm'rs of Bartholomew Cnty.*, 183 F.3d 734, 737 (7th Cir. 1989). A person has final policymaking authority for employment purposes if he has "authority to set policy for hiring and firing." *Id.* at 739 (There must be a delegation of authority to set policy for hiring and firing, not a delegation of only the final authority to hire and fire."); *Valentino v. Vill. S. Chi. Heights*, 575 F.3d 664, 676 (7th Cir. 2009) ("It is a well-established principle that the mere unreviewed discretion to make hiring and firing decisions does not amount to policy-making authority." (internal quotation marks and citations omitted). *Id.* at *9.

*Connelly* is but a recent example of a long line of cases holding that a *Monell* claim asserting a final policymaker theory of liability requires well-pled facts that the alleged final policymaker had the authority to set policy and from where he or she derived that authority as opposed to simply alleging that the individual had the final authority to hire and fire. A sample of these cases (many of which are cited in this Court's opinion dismissing Plaintiff's Second Amended Complaint) is as follows:

- *Eversole v. Steele*, 59 F.3d 710, 715-716 (7th Cir. 2005) (Chiefs of police were not final policymakers, despite being co-directors of a multi-agency drug task force, as "[discretion] to make final decisions to carry out the policies of the local law enforcement entity does not equate to policymaking authority" as "[t]he official must also be responsible for

establishing final government policy respecting such activity before the municipality can be held liable.");

- *Marsden v. Kishwaukee Community College*, 2021 U.S. Dist. LEXIS 221916, *20 (N.D. Ill. 2021) (Plaintiff failed to sufficiently plead that the school president, who asked the police to begin an investigation of plaintiff after accusing the president of wasteful spending, was a final policymaker as there was "[not] even a reasonable inference as to who delegated what authority to whom and under what circumstances.");

- *Baskins v. Gilmore*, 2018 U.S. Dist. LEXIS 168579, *29 (N.D. Ill. 2018) ("Simply having discretion in exercising particular functions does not give rise to municipal liability; the official must be responsible for establishing final government policy about that function before the municipality may be held liable.")

- *Mustafa v. City of Chicago*, 2013 U.S. Dist. LEXIS 170753, *8-9 (N.D. Ill. 2013) (Allegation that the City delegated authority to the Superintendent of Police "with regard to police policies and practices" insufficiently alleged that plaintiff's injury was caused by a person with final policymaking authority as "plaintiff has not alleged any facts in support of his assertion of delegated authority.")

Like the plaintiffs in the above cases, the allegation that Chief Collins was a final policymaker is based entirely upon the allegation that he had the authority to hire defendant Sheehan. Plaintiff's Complaint is silent as to whether Chief Collins had the authority to set policy with respect to hiring and firing, no less whether such authority was pursuant to statute or via delegation from a legislative body. And although the Complaint is silent as to whether Chief Collins' hiring decisions were subject to any meaningful review, even unreviewed discretion to hire or fire does not amount to policymaking authority. Consequently, as Plaintiff's allegations are patently insufficient to state a *Monell* claim based on policymaker liability, Count VII of Plaintiff's Third Amended Complaint should be dismissed on this basis.

In addition to failing to sufficiently plead that she sustained a constitutional injury caused by a person with final policymaking authority, Plaintiff's *Monell* count fails to allege any facts to suggest that the Village had any notice that its hiring, screening, and pre-employment

background investigation policies and practices were inadequate. Consequently, Plaintiff cannot meet the deliberate difference element of a *Monell* claim.

Directly on point is the case of *Mathlock v. Fleming*, 2019 U.S. Dist. LEXIS 111651 (N.D. Ill. 2019). In *Mathlock*, the District Court first explained that claims a Municipality is liable for failing to screen, hire, or supervise its employees "are the 'most tenuous' type of *Monell* Claim." *Mathlock*, 2019 U.S. Dist. LEXIS 111651, *11-12, citing *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L. Ed. 417 (2011). The District court then proceeded to dismiss Plaintiff's *Monell* claim with prejudice due to Plaintiff's inability to cite any prior instances of misconduct. As explained by the District Court:

> The Complaint makes no reference to any other instances of excessive force to support an inference that decision makers at the detention center had notice of any of the purported deficiencies in their hiring, training, or supervision practices. Without alleging that Dixon or any other decision maker had notice of other instances of excessive force, the complaint does not allege the deliberate indifference required to state a *Monell* Claim. *Mathlock*, 2019 U.S. Dist. LEXIS 111651, *12.

See also *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 219, 236 (Affirming summary judgment for the defendant municipality for the failure to plead prior instances of misconduct as "a pattern of violations may show that the policy itself, 'rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident, is the 'moving force' behind the plaintiff's injury.'")

As Plaintiff is still unable to sufficiently plead a *Monell* claim, despite having four opportunities to do so, the dismissal of the *Monell* count should be with prejudice. The District Court has, in fact, found it appropriate to dismiss a *Monell* claim where "plaintiff has had at least one opportunity to amend his pleadings" no less three opportunities to amend. *Turner v. City of Chicago*, 2020 U.S. Dist. LEXIS 56614 (N.D. Ill. 2020), citing *Runnion v. Girl Scouts of Greater*

*Chicago & Nw. Ind.*, 786 F. 3d 510, 518 (7th 2015). Plaintiff's continued inability to meet the pleading requirements for a *Monell* claim is all the more pronounced considering that substantial discovery has taken place in this case, including the Village of Dolton providing all documents requested pertaining to prior arrests by Officer Sheahan and the deposition of Officer Sheahan being completed. There is simply nothing to suggest that Plaintiff will, if given further leave to amend, be able to adequately plead a *Monell* claim against the Village. Consequently, as "leave to amend would be futile, the dismissal of Plaintiff's *Monell* claim should be with prejudice." *Mathlock v. Fleming*, 2019 U.S. Dist. LEXIS 111651, *16.

**IV. CONCLUSION**

Plaintiff's first allegation pertaining to any alleged deficiencies in Defendant's hiring and screening policy was contained in Plaintiff's Second Amended Complaint filed on January 20, 2022, nearly two years after the expiration of the statute of limitations for §1983 claims. As Plaintiff's Complaints filed during the statutory period focused entirely upon Officer Sheahan's alleged assault and battery of the Plaintiff and made no reference to the Village's failure to investigate his background prior to hiring him, the Village had no reason to anticipate that it would be called upon to defend its hiring of Officer Sheehan. Consequently, Plaintiff's *Monell* claim sets out a different "conduct, transaction, or occurrence" that does not relate back to any of Plaintiff's complaints filed during the statutory period. As such, Plaintiff's *Monell* claim alleging that the Village hired Defendant Sheehan without properly screening him violates the statute of limitations for §1983 claims and should be dismissed accordingly.

In addition, Plaintiff's *Monell* claim does not plead sufficient facts to support the argument the Plaintiff sustained a constitutional violation based upon the act of a person with final policymaking authority. Plaintiff's contention that Chief Collins is a final policymaker

rests on the allegation that he had "final decision-making authority over the hiring of Dolton Police Department officers." (TAC, ¶ 58.) Federal courts have held repeatedly, however, that such an allegation is patently insufficient to plead a policymaker theory of liability as it amounts to no more than discretion to hire and says nothing about whether Chief Collins had the authority to set policy relating to the hiring and firing of officers. Moreover, the Third Amended Complaint is devoid of allegations as to whether Chief Collins supposed policy making authority is derived from statute or by delegation or is subject to any meaningful review.

In short, simply having the authority to hire or fire an employee does not make one a final policymaker without the authority to set policy and facts to support the basis for that authority. Plaintiff's *Monell* claim does not meet these minimum pleading requirements and should, therefore, be dismissed. Moreover, as this is Plaintiff's fourth effort to amend the *Monell* count and she is still unable to factually plead this cause of action, the dismissal of Plaintiff's *Monell* count should be with prejudice.

WHEREFORE, Defendant, Village of Dolton, requests that this Honorable Court dismiss Count VII of Plaintiff's Third Amended Complaint at Law with prejudice.

Respectfully Submitted,

VILLAGE OF DOLTON, Defendant

By: /s/ *Robert P. Hoban III*_______
One of the Attorneys for
Defendant, Village of Dolton

ShawnTe Raines (ARDC #6300624)
Robert P. Hoban III (ARDC #6225179)
Carissa Townsend (ARDC #6330553)
ANCEL GLINK, P.C.
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
Ph: 312-782-7606/Fax: 312-782-0943
sraines@ancelglink.com

rhoban@ancelglink.com
ctownsend@ancelglink.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022, I electronically filed the foregoing **Defendant Village of Dolton's Motion to Dismiss Plaintiff's Third Amended Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Makeba Rutahindurwa- makeba@loevy.com

Sarah Grady- sarah@loevy.com

Scott R. Rauscher- scott@loevy.com

Cate Hall- chall@jjroche.net

By: /s/ *Robert P. Hoban III*

Robert P. Hoban III (ARDC #6225179)
One of the Attorneys for Defendant,
Village of Dolton
ANCEL GLINK, P.C.
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
Ph: 312-782-7606/Fax: 312-782-0943
rhoban@ancelglink.com

4893-5160-4517, v. 1