IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA BILLUPS-DRYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20 CV 1597 |
| | ) | |
| THE VILLAGE OF DOLTON, ILLINOIS | ) | Hon. Judge Virginia M. Kendall |
| and DOLTON POLICE OFFICER PHIL | ) | |
| SHEEHAN (Star # 128), | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANT OFFICER SHEEHAN'S MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant, Dolton Police Officer Phil Sheehan (Star # 128) ("Officer Sheehan"), through his undersigned counsel, for its Motion to Strike Plaintiff's Third Amended Complaint, states as follows:

### I. PROCEDURAL BACKGROUND

On December 14, 2021, Plaintiff, Andrea Billups-Dryer ("Plaintiff"), filed her Motion for Leave to File a Second Amended Complaint and to Extend the Fact Discovery Deadline of December 30, 2021. [Docket # 57]. On January 13, 2022, this Court granted Plaintiff's Motion for leave to file a Second Amended Complaint and took under advisement the Motion for extension of Discovery deadline. [Docket # 59].

On January 20, 2022, Plaintiff filed her Second Amended Complaint. [Docket # 60]. On February 3, 2022, Defendant Village of Dolton ("Dolton") filed a Motion to Dismiss and Strike Plaintiff's Second Amended Complaint, and Officer Sheehan filed a Motion for leave to join Dolton's Motion to Dismiss. [Docket # 61 and 62].

On May 26, 2022, this honorable Court issued its Memorandum and Opinion Order on Defendants' Motion to Dismiss and Strike Plaintiff's Second Amended Complaint. [Docket #

70]. This Court granted Defendants' motion to strike Plaintiff's claim for punitive damages asserted against Dolton and Officer Sheehan in the state law claims, Counts III-V. [Docket # 70 p.12]. This Court ruled that Dolton and Officer Sheehan cannot be held liable for punitive damages under the plain meaning of Section 2-102 as a local public entity and (former) public official being sued in his official capacity. [Docket # 70].

On June 8, 2022, Plaintiff filed her Third Amended Complaint. (*See* Exhibit A). Despite this Court's May 26, 2022, ruling, Plaintiff's Third Amended Complaint still requests punitive damages from Officer Sheehan in his *individual capacity* in her state law claims for Malicious Prosecution, False Imprisonment, Assault, and Battery.

As Officer Sheehan was a public official and employee who exercised discretion in the performance of his uniquely governmental function within the meaning of §2-102 of the Illinois Tort Immunity Act, this Court must strike the punitive damages requested in the state law claims of Counts III-VI of Plaintiff's Third Amended Complaint.

## II.     LEGAL STANDARD

Under Rule 12(f) of the Federal Rules or Civil Procedure, the Court may also "strike a pleading that contains '…redundant, immaterial, and impertinent or scandalous matters." *McKeever v. Israel*, 476 F. Supp. 1370, 1374 (E.D. Wis. 1979). Grounds for striking a Pleading include "where a plaintiff's amended complaint exceeds the scope of an allowed Amendment..." *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007).

## III.     ARGUMENT

This Court must strike Plaintiff's request for punitive damages in Counts III-VI of her Third Amended Complaint because Officer Sheehan is entitled to immunity from punitive damages under §2-102 of the Illinois Tort Immunity Act. Specifically, (1) § 2-102 is broad

2

enough to encompass Plaintiff's allegations in her Third Amended Complaint, (2) Officer Sheehan was a public official within the meaning under § 2-102 of the Tort Immunity Act and (3) Officer Sheehan was acting in an official executive capacity at all times relevant in Plaintiff's Third Amended Complaint.

> Section 2-102 of the Act provides as follows:
>
> Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party.

745 ILCS 10/2-102.

"[T]here is nothing in the text of the statute that suggests it is limited to official capacity suits." *Rousey v. City of Johnston City*, No. 05-4174-JPG, 2006 WL 314452, at *4 (S.D. Ill. Feb. 9, 2006). §2-102 provides immunity from punitive damages "*in any action* arising out of an act or omission made by the public official while serving in an official executive ... capacity, brought directly or indirectly against him .... *Id.* The use of the italicized phrases indicate an intention to convey the immunity broadly. *Id.*

### A. The allegations in Plaintiff's Third Amended Complaint are broad enough to encompass §2-102 of the Illinois Tort Immunity Act.

"As a preliminary matter, a Court will determine if § 2–102 is sufficiently broad to encompass Plaintiff's allegations." *Steinway v. Vill. of Pontoon Beach*, No. 06-CV-1043-DRH, 2009 WL 1940431, at *3 (S.D. Ill. July 7, 2009). "If it is not, then an analysis of whether or not Defendants meet the requirements of § 2–102 would be superfluous." *Id.* "Official acts in the performance of the duties of an office do not mean simply the lawful acts of the officer holding

that office, but include all acts done in his official capacity, under color and by virtue of that office." *Id.*

Here, Plaintiff alleges in her Third Amended Complaint that Defendant Dolton Police Officer Sheehan is a present or former employee of the Village of Dolton police department. Plaintiff also alleges that Defendant Sheehan engaged in the conduct complained of while on duty and in the course and scope of his employment and under the color of law. Finally, Plaintiff alleges that Defendant Sheehan is being sued in his individual capacity. (Exhibit 1 ¶ 6). The claims in Plaintiff's Third Amended Complaint directed at Officer Sheehan arise solely from allegations pertaining to Officer Sheehan arresting and detaining the Plaintiff. (Exhibit 1).

Despite pleading that Officer Sheehan is being sued in his individual capacity, viewing the Third Amended Complaint as a whole, the allegations against Officer Sheehan are made against him in his official capacity, even if there are allegations that imply he abused this authority. Accordingly, this Court must find that the allegations of Plaintiff's Third-Amended Complaint are broad enough to encompass § 2-102.

### B. Officer Sheehan was a public official within the meaning under § 2-102 of the Illinois Tort Immunity Act.

The term "public officials" is not defined in the Tort Immunity Act nor is there any Illinois case law defining that term in the context of § 2–102. *Steinway,* 2009 WL 1940431, at *4. However, in the context of a case alleging civil rights violations by police officers, the court in the *Reese* case conducted an extensive analysis of the development of § 2–102 and its relationship to common law public official immunity. *Id.* In the *Reese* case, the district court found that the term "public official" was defined as "a public employee who exercises discretion in the performance of uniquely governmental functions." *See Reese v. May*, 955 F. Supp 869, 873-878 (N.D. Ill. 1996) and *Campbell v. The City of Johnston City*, 2005 WL 3440726 at *2–4

(S.D.Ill.). Law enforcement is a uniquely governmental function that frequently requires the exercise of discretion. *Steinway*, No. 06-CV-1043-DRH, 2009 WL 1940431, at *4.

In this case, Officer Sheehan held a position as an officer that required the use of his discretion, which is uniquely governmental. Based on the allegations of Plaintiff's Third Amended Complaint, officer Sheehan was exercising his discretion in uniquely governmental functions at the time he had contact with the Plaintiff. It is clear that he is a public official within the meaning of § 2-102.

### C. Officer Sheehan was acting in an official executive capacity at all times relevant in Plaintiff's Third Amended Complaint.

Courts have viewed law enforcement as an inherently "executive" activity. *Steinway*, No. 06-CV-1043-DRH, 2009 WL 1940431, at *5. Plaintiff alleges in her Third Amended Complaint that, "Defendant Dolton Police Officer Sheehan engaged in the conduct complained of while on duty and in the course and scope of his employment and under the color of law." (Exhibit 1 ¶6). Based on the allegations of Plaintiff's Third Amended Complaint, Officer Sheehan was a public official for purposes of §2-102, and also a public employee who exercised discretion in the performance of uniquely governmental functions.

### I. CONCLUSION

There is nothing in the language of § 2-102 of the Illinois Tort Immunity Act that suggests the immunity is limited to official capacity suits. Officer Sheehan is a "public official" within the meaning of § 2-102, and was serving in an "official executive, legislative, quasi-legislative or quasi-judicial capacity" when he allegedly engaged in the action that resulted in Plaintiff's claimed injuries. Accordingly, Plaintiff's requests for punitive damages against Officer Sheehan in his individual capacity are improper and must be stricken.

WHEREFORE, Defendant, OFFICER PHIL SHEEHAN, respectfully requests that this Court grant his Motion to Strike Plaintiff's Third Amended Complaint, with prejudice, and any other relief this Court deems just.

Respectfully Submitted,

DOLTON POLICE OFFICER PHIL SHEEHAN (STAR #128)

/s/ Cathryn Hall
One of the Attorneys for Phil Sheehan

James J. Roche (Attorney No. 2359162)
Cathryn Hall (Attorney No. 6320734)
JAMES J. ROCHE & ASSOCIATES
Attorneys for Defendant Officer Phil Sheehan
642 N. Dearborn Street
Chicago, IL 60654
(312) 335-0044
jroche@jjroche.net
chall@jjroche.net

## CERTIFICATE OF SERVICE

I, Cathryn Hall, an attorney, certify that I served the foregoing pleading on all parties of record through the Court's CM/ECF filing system on June 22, 2022, which will send notification of said filing to all parties of record as follows:

/s/ Cathryn Hall